IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CLARENCE R. ROGERS**,

        **Plaintiff**,

   v.

**APRILLA D. McPHERSON,**

        **Defendant.**

_____

Case No. 3:22-cv-00116-AC

**ORDER OF DISMISSAL**

**IMMERGUT, District Judge.**

    On January 24, 2022, Plaintiff Clarence R. Rogers, a self-represented litigant, filed this action against Defendant Aprilla McPherson ("McPherson") alleging that McPherson has failed to "relinquish" social security income funds to him. (Compl., ECF No. 1.) On January 31, 2022, Plaintiff filed an application to proceed *in forma pauperis*. (IFP Application, ECF No. 4.) Service of process has not yet occurred. Based on the Court's review of Plaintiff's IFP application, it appears that he is unable to pay the costs of commencing this action, and therefore, his application

is granted. However, this Court lacks subject matter jurisdiction over this action, and therefore, Plaintiff's Complaint is dismissed.

*Standards*

When a complaint is filed by a plaintiff proceeding *in forma pauperis*, Congress has directed that "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims. 28 U.S.C. § 1915A; *see, e.g., O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

In order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a *pro se* litigant, the court must liberally construe the pleading and accept as true all of the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere

Page 2 – ORDER OF DISMISSAL

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires "the plaintiff [to] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Self-represented, or *pro se* plaintiffs, are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Additionally, self-represented litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam)).

## *Background*

In this action, Plaintiff alleges that Defendant, his sister Aprilla McPherson, was appointed representative payee of his social security disability benefits and supplemental security income benefits, and that his funds were placed into a custodial account or trust fund with Bank of America. (Compl. at 3.) According to Plaintiff, on January 30, 2015, there was approximately $9,593.36 in the custodial account. (Compl., ECF No. 1-2 at 5.) Plaintiff alleges that in December 2015, he was granted authority over his own accounts and that McPherson was discharged as representative payee. (Compl. at 3.) Plaintiff appears to allege that while serving as representative payee, McPherson failed to appropriately use the funds for his benefit, instead using them for her own household needs. (Compl., 1-1 & 1-2.) Additionally, Plaintiff asserts that his custodial account or trust fund may have accumulated $90,000 and that McPherson has refused to relinquish such funds to him.[1] (Compl. at 3.)

---

[1] In a February 3, 2022 document entitled "Summary of Case," Plaintiff identifies three additional defendants, Irene Minnieweather, Deryus Minnieweather, and Casandra Minnieweather. (Summary of Case at 5-6, ECF No. 5.) The Court concludes, however, that Plaintiff has

Page 3 – ORDER OF DISMISSAL

This Court previously dismissed nearly identical allegations in *Rogers v. McPherson*, Case No. 3:21-cv-01686-AC. In that action, Plaintiff alleged that Aprilla McPherson was fraudulently appointed representative payee of his checking and savings account, that McPherson was ordered to relinquish the account in December 2015, and that she had fraudulently added a trust fund to his checking account and stolen approximately $90,000. (F&R at 2-3, Case No. 3:21-cv-01686-AC, ECF No. 12.) In a December 27, 2021 Findings and Recommendation, Judge John V. Acosta determined that there was no diversity of citizenship because Plaintiff and two of the Defendants, including Aprilla McPherson, were Oregon citizens. (*Id.* at 5-6.) Among other findings, Judge Acosta also determined that Plaintiff failed to establish federal question jurisdiction. Judge Acosta explained that the Court lacked subject matter jurisdiction to hear any challenge to McPherson's appointment, removal, or alleged misuse of funds as representative payee in the first instance. (*Id.* at 7-8). Judge Acosta detailed that individuals who are dissatisfied with the appointment of a representative payee or the payee's actions can request a hearing before the Commissioner of the Social Security Administration; and after the Commissioner issues a final decision, individuals may seek judicial review in district court. (F&R at 8-9.) Judge Acosta determined that Plaintiff had not exhausted his administrative remedies with the Commissioner, and that his Court was without federal question jurisdiction. (F&R at 8.)

In a January 18, 2022 Order, this Court agreed with Judge Acosta's recommendation, and concluded this Court had no subject matter jurisdiction over that action. (Order at 2-3, Case No.

---

erroneously filed these papers in this Court because Plaintiff crossed out United States District Court and replaced it with Multnomah County Circuit Court. He alleges the Minnieweathers breached a contract, and he asks for a "state court order" to be served on the Minnieweather household. (Summary of Case at 12, ECF No. 5.) Accordingly, Plaintiff's "Summary" does not provide this court with subject matter jurisdiction.

Page 4 – ORDER OF DISMISSAL

3:21-cv-01686-AC, ECF No. 23.) The Court also reviewed the supplemental material submitted by Plaintiff (ECF Nos. 14, 16, 18-22), and concluded that none of the subsequently filed information cured the subject matter jurisdiction deficiencies and dismissed that action without prejudice. (Order at 3.)

*Discussion*

In the instant action, Plaintiff realleges the same facts and attaches several of the same exhibits previously submitted. Plaintiff again asserts this Court has jurisdiction based on diversity of citizenship. A "diversity of citizenship" case involves citizens of different states where the amount of damages in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Here, Plaintiff provides that he is a Portland, Oregon resident, and likewise provides a Portland, Oregon address for McPherson. Consequently, this Court does not have subject matter jurisdiction based on diversity of citizenship.

Now Plaintiff asserts that this Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3) because he is appealing a decision of the Commissioner of the Social Security Administration. (Compl. at 2.) Plaintiff checks two boxes indicating that he is appealing claims for disability insurance benefits under Title II, and supplemental security income under Title XVI. However, Plaintiff fails to attach a final decision from the Commissioner concerning his disability payments.

Instead, the crux of Plaintiff's claim again appears to be McPherson's appointment and conduct as representative payee. As explained above and in Judge Acosta's December F&R, this Court does not have jurisdiction to hear such a claim in the first instance. Rather, Plaintiff must first pursue such a claim with the Commissioner of Social Security Administration. After the

Commissioner issues a final decision, individuals may pursue an appeal from that decision in district court. 42 U.S.C. § 405(j)(2)(E)(i). The instant Complaint again fails to allege any facts indicating that he has challenged McPherson's appointment or conduct as representative payee with the Commissioner and he fails to include a final decision concerning McPherson. Therefore, absent any indication that Plaintiff has exhausted his administrative remedies, this Court lacks subject matter jurisdiction over this action. *See* 42 U.S.C. § 405(j)(2)(E)(i); *Hunter v. Saul*, Case No. 3:19-cv-1021-J-34JBT, 2020 WL 4275562, at *4 (M.D. Fla. July 8, 2020), *adopted* 2020 WL 4261188 (July 24, 2020) (holding district court did not have jurisdiction to hear challenge to representative payee determination on misuse of funds); *Tutuianu v. Comm'r Soc. Sec.*, Case No. 06 CV 2823 JG, 2007 WL 1875556, at *1 (E.D.N.Y. June 29, 2007) (holding district court did not have jurisdiction to review representative payee decision because the plaintiff "has not demonstrated that he presented his claim for a hearing by an administrative law judge or review by the Appeals Council"); *Laurie Q. v. Callahan*, 973 F. Supp. 925, 932 (N.D. Cal. 1997) (holding that plaintiffs must "submit their representative payee claims to the Commissioner before" seeking judicial review).

The Court previously advised Plaintiff of this particular deficiency in Judge Acosta's December 2021 Findings and Recommendation and this Court's January 2022 Order. Plaintiff continues to submit numerous exhibits, documents, and letters to the court in this case (Summary of Case, ECF No. 5) and his previously closed case (Case No. 3:21-cv-01686-AC, Supplement, ECF No. 28; "Rescinding" Complaint, ECF No. 25; Supplement ("More Discovery"), ECF No. 26; Supplement ("Case Discovery'), ECF No. 30; Supplement ("Order to Amend"), ECF No. 31). None of these supplemental materials establish that Plaintiff has exhausted a claim with the

Commissioner necessary to cure the subject matter jurisdiction deficiency for the claim against McPherson. Accordingly, the Court concludes that Plaintiff has not exhausted his administrative remedies with the Commissioner and dismissal without leave to amend is appropriate. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (explaining that a district court's discretion to deny leave to amend is "particularly broad" when it has previously granted leave to amend).

*Conclusion*

For all these reasons, this Action is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED this 16th day of February, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge